Filed 4/28/26  P. v. Huber CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RUSSELL JAY HUBER,<br><br>        Defendant and Appellant. | D086064<br><br><br>(Super. Ct. No. RIF1606115) |

APPEAL from an order of the Superior Court of Riverside County, Bernard Schwartz, Judge.  Affirmed.

Russell Jay Huber, in pro. per.; and Raymond M. DiGuiseppe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017, a jury convicted Russell Huber of first degree murder and found true the special circumstance of lying in wait (Pen. Code, §§ 187 & 190, subd. (a)(15)).  Huber was sentenced to prison for life without parole.

In 2025, the court held a hearing on the victims' request for restitution. Huber was represented by appointed counsel who did not object to the two items of restitution at issue in this appeal: burial expenses of $1,923.04 and attorney fees of $2,275.

Huber filed a timely notice of appeal.

Appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to independently review the record for error as mandated by *Wende.*  We offered Huber the opportunity to file his own brief on appeal.  Huber has responded with a supplemental brief.

In his brief, Huber complains that trial counsel was constitutionally ineffective because counsel failed to object to the items of restitution which are the subject of this appeal.  However, there is nothing in this record to explain why counsel did not object or whether any objection would have been successful.  Appellate review of counsel's representation will have to await a trial court proceeding in which counsel's actions can be examined.

We will not include a statement of facts regarding the crimes for which Huber has been convicted.  We reviewed the facts in the original appeal in case No. D075940.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified a possible issue which was considered in evaluating the potential merits of this appeal: Whether the restitution amounts ordered in this case are sufficiently supported by the record.

We have independently reviewed the record for error as required by *Wende* and *Anders.*  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Huber in this appeal.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.*

WE CONCUR:


BUCHANAN, Acting P. J.


KELETY, J.

---

\* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.